UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CATHERINE MADAGONI,**

Plaintiff,

v.

**MADAGONI LLC,** *et al.***,**

Defendants.

Civil Action No. 24-9611 (ZNQ) (JTQ)

**MEMORANDUM ORDER**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Catherine Madagoni's Response ("Response", ECF Nos. 10–13)[1] to this Court's order directing Plaintiff to show cause why her Complaint (ECF No. 1) should not be dismissed without prejudice to seek relief in state court. (ECF No. 9). For the following reasons, the Court will dismiss Plaintiff's Complaint without prejudice.

Plaintiff, proceeding *pro* se, commenced this action on September 30, 2024, by filing a Complaint against her husband,[2] Krishna Madagoni, and fourteen other defendants. (*See* Compl.) As the Court explained in its order to show cause, the Complaint sprawls over 97 pages and is "difficult to parse." (ECF No. 9.) At best, the Complaint appears to voice Plaintiff's dissatisfaction with her divorce proceedings that were held in state court. (*Id.*) The Court thus explained that to the extent Plaintiff's allegations are premised on claims that have already been litigated and

---

[1] Plaintiff filed four documents in response to the Court's order to show cause. (*See* ECF Nos. 10–13.) The Court accordingly considers these documents together. While the Court notes that two of these documents were untimely filed on November 12, 2024, *see* ECF Nos. 12, 13, the Court considers these documents in light of Plaintiff's *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[2] While the Court is aware that Plaintiff and Defendant Madagoni entered divorce proceedings, it is unclear to the Court whether the parties are legally divorced.

decided by a state court or should have been litigated, the action is barred due to *res judicata*, collateral estoppel, the *Rooker-Feldman* doctrine, and New Jersey's entire controversy doctrine. (*Id.* at 3.) To the extent that Plaintiff's claims are not barred by these doctrines, the Court observed that it likely lacked subject matter jurisdiction, as the parties do not appear to be diverse, and the Complaint fails to sufficiently plead any federal cause of action. (*Id.* at 4.) Accordingly, the Court ordered Plaintiff to show cause as to why the Court should not dismiss the Complaint without prejudice to seek relief in state court. (*Id.*)

Plaintiff responds that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because her "constitutional rights have been violated at Burlington City Vicinage and pursuant to New Jersey Court Rule 4.3–3, (a)(2)(b)."[3] (ECF No. 10 at 1.) Plaintiff, however, does not offer a suggestion of what, if any, constitutional violation she might assert in good faith based on the facts alleged. (*See id.*) While the Court is mindful of its obligation to hold a pleading prepared by a *pro se* litigant to a less stringent standard than would be applied to a pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even liberally construing the Complaint, the Court cannot discern a claim for violation of any constitutional right. (*See* Compl.)

Highlighting the convoluted and unintelligible nature of Plaintiff's allegations, Plaintiff contends in the Response that Burlington Superior Court Judge E.W. Hoffman's statements during the divorce proceedings including, "[Y]ou get nothing. Other than a trial date. No discovery, no money, no nothing. This case is a year old. You're coming into court and I'm going to decide what happens," are "[u]nconstitutional",[4] but Judge Hoffman is not named as a defendant or party to this action, nor does Plaintiff explain which, if any, of her constitutional rights are violated by

---

[3] Plaintiff does not contend the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See generally* ECF No. 10.)

[4] Plaintiff repeats this statement verbatim over 100 times in the Response, but fails to explain which, if any, of her constitutional rights were violated. (*See* ECF Nos. 11, 12.)

such conduct. (ECF Nos. 12 at 2). Based on the foregoing, the Court finds that Plaintiff pleads no basis for the Court to assert jurisdiction based on a federal question.

Plaintiff's Response instead makes clear that she is seeking to rehash her unsuccessful state-court claims by filing this action in federal court. (*See, e.g.*, ECF No. 10 at 1 (alleging that her constitutional rights were violated when the state court decided "not [to] allow[] granting [of her] attorneys['] fees . . . when settled law states attorney fee award [sic] for litigation asset protection.") As the Court explained in its order to show cause, the *Rooker-Feldman* doctrine is also relevant to this case because it prevents a "disgruntled party in state-court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error." *Archie v. Mercer Cnty. Courthouse, Superior*, Civ. No. 23-03553, 2023 WL 5207833, at *3 (D.N.J. Aug. 14, 2023); (*see* ECF No. 9). Accordingly, Plaintiff cannot use this forum to rehash her unsuccessful state-court claims. If Plaintiff is asserting that "[her] adversary should not have won, or that the presiding judge erred, the proper recourse is to file an appeal within the State court system—not to sue the adversary again." *Del Priore v. Sabo*, Civ. No. 19-17806, 2020 WL 1485895, at *6 (D.N.J. Mar. 27, 2020). The Court thus concludes that it lacks subject matter jurisdiction over the instant matter.

For the foregoing reasons, the Court finds that Plaintiff has not shown cause why the case should not be dismissed. The Court will thus dismiss the Complaint in its entirety for lack of subject matter jurisdiction. *See Colombo v. Bd. of Educ. for Clifton Sch. Dist.*, Civ. No. 11-00785, 2017 WL 4882485, at *1 (D.N.J. Oct. 29, 2017) (dismissing complaint for lack of subject matter jurisdiction where plaintiff failed to state a cognizable federal claim and declining to exercise supplemental jurisdiction over any remaining state-law claims). The dismissal is without prejudice to Plaintiff's right to seek relief in state court.

Based on its review of the Complaint and Plaintiff's series of filings, the Court further finds that it would be futile to permit Plaintiff to further amend her complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, **IT IS** on this **1st** day of **April 2025**,

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to seek relief in state court; and it is further

**ORDERED** that Plaintiff is denied further leave to amend her Complaint.

The Clerk of Court is directed to close this case.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**